# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN KEITH HEUSTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-CV-0091-JHP-JFJ |
| JASON BRYANT, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se,[1] brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutionality of his convictions and sentences in the District Court of Washington County, Oklahoma, Case No. CF-2007-396. Doc. 1 at 1. Before the Court are three motions: Respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d) (Doc. 15), Petitioner's motion to clarify the petition (Doc. 18), and Petitioner's motion for a report and recommendation (Doc. 23). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and that the petition shall be dismissed with prejudice. As a result, Petitioner's motions to clarify the petition and for a report and recommendation shall be declared moot.

## *BACKGROUND*

In 2008, a Washington County jury found Petitioner guilty of two crimes: first degree burglary, in violation of OKLA. STAT. tit. 21, § 1431, after former conviction of a felony; and assault and battery with intent to kill, in violation of OKLA. STAT. tit. 21, § 652(C), after former conviction

---

[1] Because Petitioner appears pro se, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

of a felony. Doc. 1 at 1; Doc. 16-1 at 1.[2] Consistent with the jury's recommendations, the state district court imposed a sentence of life imprisonment and a consecutive 20-year prison sentence. Doc. 16-1 at 1. Represented by his trial attorneys, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). *Id.* at 1, 3. The OCCA affirmed the judgment and sentence in a decision filed September 16, 2009. *Id.* at 1. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Doc. 1 at 3.

On March 24, 2010, Petitioner retained an attorney, Jeffrey Box, to work on various matters including an application for state post-conviction relief. Doc. 19 at 1-2, 9-10. According to Petitioner, Box failed to communicate with Petitioner, failed to prepare or file an application for post-conviction relief despite Petitioner's repeated requests that he do so, and failed to timely return Petitioner's case materials to Petitioner. *Id.* at 9-11. On April 12, 2012, Petitioner hired a second attorney, Charles Fox, to file an application for state post-conviction relief. *Id.* at 15-16. According to Petitioner, Fox did not timely respond to Petitioner's requests regarding the status of his application, did not prepare or file an application, and did not timely return Petitioner's case materials. *Id.* at 16-17. Petitioner also alleges that his trial/appellate attorneys failed to timely respond to his requests that they return his legal materials; Petitioner ultimately received those materials on February 6, 2013. *Id.* at 2. In late April and early May 2013, Petitioner filed complaints against Box and Fox with the Oklahoma Bar Association. *Id.* at 8, 14. Fox returned Petitioner's case materials to Petitioner on May 15, 2013. *Id.* at 2, 13.

---

[2] For consistency, the Court's record citations refer to the court-stamped page numbers in the upper right-hand corner of each document.

Meanwhile, Petitioner attempted to file a pro se application for post-conviction relief in state court. The Washington County District Court Clerk received an application from Petitioner on March 25, 2013. *See* Doc. 16-5. By order filed April 16, 2013, the state district court denied the application because Petitioner failed to submit the application on the form required by the OCCA's rules. *Id.* The state district court returned the application to Petitioner and directed him to resubmit the application using the correct form. *Id.* Petitioner then filed a writ of mandamus requesting that the OCCA direct the state district court to file his deficient application. *See* Doc. 16-7. The OCCA denied the mandamus request on July 25, 2013. *Id.*

Petitioner ultimately submitted an application on the correct form, asserting fifteen propositions of error in support of his claim that he was deprived of his Sixth Amendment right to the effective assistance of trial and appellate counsel. Doc. 16-2 at 2-90. That application was filed on June 9, 2014.[3] *Id.* at 1. The state district court conducted an evidentiary hearing and, by order filed October 23, 2015, denied Petitioner's application for post-conviction relief. Doc. 16-3. The OCCA affirmed the state district court's order on April 21, 2016. Doc. 16-4.

---

[3] Petitioner asserts that he sent his corrected post-conviction application to the Washington County District Court Clerk, via certified mail, on May 9, 2014, and that "[i]t was eventually filed on June 9, 2014." Doc. 2 at 19. The record reflects that Petitioner signed the application, signed a "certificate of service" form, and submitted the application to the "JCCC law library via U.S. Postal Service with all postage prepaid" on May 5, 2014. Doc. 4 at 433-34. Petitioner does not cite any portion of the record that contains a certified mail receipt nor does the Court find any other record support for Petitioner's assertion that the application was mailed via certified mail on May 9, 2014. In any event, under Oklahoma law, an application for state post-conviction relief is considered "filed" only "when a properly verified application for post-conviction relief is delivered to the proper district court clerk for the purpose of filing." *Moore v. Gibson*, 250 F.3d 1295, 1298 (10th Cir. 2001) (citation omitted). Because Petitioner submitted a copy of his application indicating that it was file-stamped on June 9, 2014, *see* Doc. 4 at 339, the Court shall consider the application filed on that date.

3

Petitioner filed the instant federal habeas petition (Doc. 1), along with a supporting brief (Doc. 2), on February 13, 2017.[4] Petitioner alleges that he is entitled to federal habeas relief because he was deprived of his Sixth Amendment right to the effective assistance of trial and appellate counsel. *See* Doc 2 at 25-33. In response to the petition, Respondent filed a motion to dismiss (Doc. 15) and supporting brief (Doc. 16), arguing that the petition is time barred under § 2244(d)(1)'s one-year statute of limitation. Petitioner filed a response to the motion (Doc. 19). Petitioner acknowledges that his petition is untimely but he asserts that he is entitled to equitable tolling because several "extraordinary circumstances" prevented him from timely filing his petition. *See* Doc. 1 at 11-12; Doc. 2 at 1, 3-6; Doc. 7 at 2-4; Doc. 19 at 1-4.[5]

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[4] The Clerk of Court received Petitioner's habeas petition on February 21, 2017, *see* Doc . 1 at 1, but Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on February 13, 2017, *see id.* at 13. With the benefit of the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the petition was therefore filed on February 13, 2017.

[5] Petitioner also filed a motion for an evidentiary hearing on the issue of equitable tolling. Doc. 7. By Order filed February 23, 2017, the Court denied that motion pending further review of the petition and responsive pleadings. *See* Doc. 9 at 2. For the reasons discussed in this Opinion and Order, the Court concludes that no evidentiary hearing is warranted.

> United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). In general, the limitation period begins to run from the date on which a prisoner's conviction becomes final, but it may also commence under the terms of § 2244(d)(1)(B), (C), and (D). Regardless of which date the one-year limitation period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). And, because AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition may be excused through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may be "overcome" through "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

**A.     The petition is untimely under § 2244(d)(1)(A).**

Petitioner concedes that his petition is untimely. Doc. 1 at 11-12; Doc. 2 at 1. Application of § 2244(d)(1)(A) supports that concession. Petitioner's conviction became final on December 15, 2009, after the OCCA affirmed Petitioner's convictions and sentences on September 16, 2009, and the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that conviction is "final" under § 2244(d)(1)(A) when 90-day period for filing certiorari petition expires); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (same). As a result, Petitioner's one-year limitation period began

to run under § 2244(d)(1)(A) on December 16, 2009, and expired on December 16, 2010. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA deadline). Because Petitioner filed his application for state post-conviction relief on June 9, 2014, after the limitation period expired, that application did not serve to toll the limitation period. *See* 28 U.S.C. 2244(d)(2); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting that applications for state post-conviction relief filed after expiration of one-year limitation period have no tolling effect under § 2244(d)(2)). Thus, absent equitable tolling, Petitioner's habeas petition is time barred.

**B.     The petition is also untimely under § 2244(d)(1)(B).**

In seeking equitable tolling, Petitioner asserts, in part, that he is entitled to the later commencement date of the one-year limitation period as provided in § 2244(d)(1)(B). *See* Doc. 1 at 12. Under § 2244(d)(1)(B), AEDPA's one-year period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions."

Petitioner argues that a state-created impediment prevented him from timely filing his federal habeas petition and that the impediment was removed on February 28, 2013, when the OCCA issued its opinion in *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013). *Id.* Petitioner specifically argues that Oklahoma courts routinely, and incorrectly, impose "the procedural bar of waiver" to reject ineffective-assistance-of-counsel claims raised for the first time in state post-conviction proceedings. *See id.*; Doc. 2 at 7-13; Doc. 7 at 3; Doc. 19 at 3. Petitioner asserts that because *Logan* "clarified the law in the arena of the application (or non-application) of the procedural bar of waiver," Doc. 1 at 12, his "post-conviction claims would have most certainly been procedurally

barred" prior to the *Logan* decision, Doc. 7 at 3-4. Thus, he argues, he was prevented from timely filing his federal habeas petition until the OCCA issued *Logan* and his one-year limitation period therefore did not commence until February 28, 2013. *Id.*; *see also* Doc. 19 at 3.[6]

Respondent contends that Petitioner misreads *Logan* and argues that § 2244(d)(1)(B) does not apply. *See* Doc. 16 at 5-9. Regardless of whether Petitioner misreads *Logan*, the Court agrees with Respondent that § 2244(d)(1)(B) does not apply. Significantly, Petitioner has failed to show the existence of an "impediment" within the meaning of § 2244(d)(1)(B) that prevented him from timely filing his habeas petition. At most, Petitioner argues that it may have been futile to assert his ineffective-assistance-of-counsel claims prior to *Logan* because the state district court may have found those claims waived and may have declined to address those claims on the merits. But futility "is not a valid justification for filing an untimely § 2254 petition." *Head v. Wilson*, 792 F.3d 102, 110 (D.C. Cir. 2015) (quoting *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000)); *see also Minter*, 230 F.3d at 666 (explaining that "the term 'impediment' speaks to hindering an effort while the term 'futile' speaks to an unsuccessful result of an already undertaken effort"). Further, as Respondent points out, even if a state court imposes a procedural bar and declines to review a constitutional claim during state post-conviction proceedings, a federal habeas court may independently review whether the state's procedural bar is adequate to preclude federal review of that claim. *Romano v.*

---

[6] Petitioner also asserts that he is entitled to equitable tolling because "The Oklahoma Judicial System does not provide an adequate state court remedy for the effective adjudication of post-conviction propositions for relief." Doc. 1 at 12. Even liberally construing Petitioner's pleadings, this assertion appears to be part of Petitioner's argument that *Logan* clarified Oklahoma law as to the proper application of procedural rules in state post-conviction proceedings. *See*, *e.g.*, Doc. 2 at 7-13 (discussing state post-conviction procedures and *Logan*). Accordingly, the Court will not address this assertion as a separate argument.

*Gibson*, 239 F.3d 1156, 1180 (10th Cir. 2001). For these reasons, the Court agrees with Respondent that § 2244(d)(1)(B) does not apply.

Moreover, even assuming that § 2244(d)(1)(B) does apply, the petition is untimely. The OCCA issued its decision in *Logan* on February 28, 2013. Thus, Petitioner's one-year limitation period would have commenced on March 1, 2013 and expired on March 1, 2014. *See Hurst*, 322 F.3d at 1260-61. Petitioner's June 9, 2014 state application for post-conviction relief, filed over three months after the expiration of this limitation period, would not have served to toll this period. *See Locke*, 237 F.3d at 1273. Thus, absent equitable tolling, Petitioner's habeas petition is time barred even if § 2244(d)(1)(B) applies.

## C.     Petitioner is not entitled to equitable tolling.

Petitioner seeks equitable tolling on three grounds: (1) his trial/appellate attorneys refused to return his legal papers until February 6, 2013, (2) his two habeas attorneys failed to communicate with him, failed to file any applications for state post-conviction relief, and failed to return his legal materials until May 15, 2013, and (3) he has a "legal disability" because he lacks legal training and has limited access to legal resources. Doc. 1 at 11-12; Doc. 2 at 4-6; Doc. 7 at 2-4; Doc. 19 at 1-4.

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)).

### 1. Alleged attorney misconduct

Petitioner's first two arguments for equitable tolling have potential merit. The Tenth Circuit has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). In *Fleming*, the petitioner alleged that he retained counsel to represent him in state post-conviction proceedings nearly a year in advance of his AEDPA filing deadline. 481 F.3d at 1257. The petitioner contacted counsel several times over the course of that year, and "counsel repeatedly assured [the petitioner] that filing was forthcoming." *Id.* But counsel ultimately failed to file an application for state post-conviction relief until after the AEDPA deadline. *Id.* at 1256-57. And, even then, the untimely application that counsel filed was the application that petitioner took it upon himself to prepare and submit to counsel for review and filing before the limitation period expired. *Id.* at 1256. Under these circumstances, the Tenth Circuit found that the petitioner had at least alleged sufficient facts to warrant an evidentiary hearing on the issue of equitable tolling. *Id.* at 1257.

Here, Petitioner alleges that one of his trial attorneys contacted his first habeas attorney, Jeffrey Box, on December 18, 2009, regarding state-post conviction relief. Doc. 19 at 2. Petitioner ultimately hired Box on March 24, 2010. Doc. 19 at 1-2, 9-10. But, according to Petitioner, Box failed to communicate with Petitioner, failed to prepare or file an application for post-conviction relief despite Petitioner's repeated requests that he do so, and failed to timely return Petitioner's case materials to Petitioner. *Id.* at 9-11. Petitioner contacted a second attorney, Charles Fox, on August 16, 2011, and ultimately hired Fox on April 12, 2012. *Id.* At 2, 14-16. According to Petitioner, Fox did not timely respond to Petitioner's requests regarding the status of his application, did not prepare

9

or file an application, and did not timely return Petitioner's case materials. *Id.* at 16-17. Petitioner also alleges that throughout much of this same time period his trial/appellate attorneys failed to timely respond to his requests that they return his legal materials so he could pass them on to either Box or Fox. *Id.* at 2; *see also* Doc. 2 at 5-6. Petitioner ultimately received his legal materials from his trial/appellate attorneys on February 6, 2013. Doc. 19 at 2. In late April and early May 2013, Petitioner filed complaints against Box and Fox with the Oklahoma Bar Association. *Id.* at 8, 14. Fox returned Petitioner's case materials to Petitioner on May 15, 2013. *Id.* at 2, 13.

Applying *Fleming* and assuming the truth of Petitioner's allegations, the Court finds that the conduct of all four of Petitioner's attorneys may have been sufficiently egregious to support equitable tolling of the limitation period. Nevertheless, the Court finds that, unlike the situation in *Fleming*, no evidentiary hearing is warranted on the issue of equitable tolling because the habeas petition remains untimely even if the Court equitably tolls the one-year period under either § 2244(d)(1)(A) or § 2244(d)(1)(B). As discussed, the limitation period under § 2244(d)(1)(A) commenced on December 16, 2009. Petitioner alleges that he first contacted Box on December 18, 2009. Doc. 19 at 2. Even giving Petitioner the benefit of equitable tolling from the commencement date of his one-year period under § 2244(d)(1)(A), December 16, 2009, until May 15, 2013, when Fox returned the last of Petitioner's legal materials, Petitioner's AEDPA deadline would have been May 16, 2014. But Petitioner did not file his habeas petition until February 13, 2017. And, again, Petitioner is not eligible for statutory tolling because he did not file his application for state-post conviction relief until June 14, 2014, after expiration of the equitably tolled one-year period under § 2244(d)(1)(A). Thus, applying § 2244(d)(1)(A) and giving Petitioner the benefit of equitable tolling for his attorneys' alleged misconduct, his petition is still time barred.

Likewise, while the Court has determined that § 2244(d)(1)(B) does not apply, even equitably tolling that later commencing one-year period would not render the habeas petition timely. Under § 2244(d)(1)(B), Petitioner's limitation period would have commenced on March 1, 2013, and would have expired on March 1, 2014. And, again, because he did not submit a properly filed application for post-conviction relief in state court until June 9, 2014, he would not be entitled to statutory tolling for this period. Thus, even giving Petitioner the benefit of equitable tolling from March 1, 2013 to May 15, 2013, *i.e.*, from the beginning of the later commencing one-year period to the very latest date that Petitioner had both (1) access to all of his legal materials and (2) the benefit of the *Logan* decision, Petitioner's one-year limitation period would have expired on May 16, 2014. As a result, even applying § 2244(d)(1)(B) and equitably tolling that one-year period based on his attorneys' alleged misconduct does not render Petitioner's February 13, 2017 petition timely.

### 2. Alleged "legal disability"

Petitioner also contends that he is entitled to equitable tolling because "he has been under a legal disability due to his incarceration." Doc. 7 at 2. He generally alleges that (1) the law library at his facility is "seriously deficient," (2) inmates have "very limited access" to legal resources, (3) the facility is subject to frequent lockdowns which further limit access to the law library and mail services, (4) inmates lack access to trained legal advisors, (5) inmates are allowed limited storage space for legal materials, and (6) he himself lacks "any legal training." *Id.* at 2-4; *see also* Doc. 2 at 5.

As Respondent contends, these first five circumstances generally apply to all inmates and are therefore neither sufficiently extraordinary nor sufficiently specific to Petitioner to warrant

equitable tolling. *See*, *e.g.*, *Porter v. Allbaugh*, 672 F. App'x 851, 857 (10th Cir. 2016) (unpublished)[7] (rejecting petitioner's argument that "*general* difficulties in obtaining trial transcripts and in accessing the prison law library" warranted equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the [state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Likewise, Petitioner's lack of legal training does not support equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting well-established rule that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). For these reasons, Petitioner is not entitled to equitable tolling on the basis of his alleged "legal disability."

**D.   Petitioner is not entitled to an equitable exception to the one-year limitation period.**

Finally, in seeking equitable tolling, Petitioner asserts that he is "legally innocent" of his convictions. *See* Doc. 7 at 1; Doc. 16 at 15-17. Specifically, he asserts that he is "legally innocent," or "not legally guilty" because he committed his crimes of conviction while under the influence of medication which caused an allergic reaction. *See* Doc. 1 at 11-12; Doc. 2 at 27-30; Doc. 7 at 2.

It's true that a petitioner can overcome AEDPA's one-year limitations period by asserting a tenable claim of "actual innocence." *Perkins*, 569 U.S. at 392; *see also Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (noting that *Perkins* held "that a 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations" (quoting *Perkins*, 569 U.S. at 392)). But "actual innocence" refers to factual innocence. *Beavers v. Saffle*, 216 F.3d 918,

---

[7]   The Court cites the unpublished decision in *Porter* for persuasive value only. *See* FED. R. APP. P. 32.1; 10th Cir. R. 32.1(A)

12

923 (10th Cir. 2000). As Respondent argues, Petitioner's assertion that he is "not legally guilty" of his crimes because he committed them due to an allergic reaction to medication goes to his legal innocence, not his factual innocence. *See id.* (noting that defenses based on intoxication and self defense speak to legal innocence, not factual innocence). Thus, Petitioner has not demonstrated that he is entitled to *Perkins*' equitable exception to AEDPA's one-year limitation period.

## *CONCLUSION*

Petitioner's habeas petition is untimely and he has not demonstrated that he is entitled to equitable tolling of, or an equitable exception to, AEDPA's one-year limitation period. Thus, the Court shall grant Respondent's motion and shall dismiss the petition for writ of habeas corpus with prejudice as time barred. As a result, Petitioner's motion to clarify and Petitioner's motion for a report and recommendation shall be declared moot.

## **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness

of the Court's procedural ruling that the petition is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss the petition as time barred (Doc. 15) is **granted**.

2. The petition for a writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.

3. Petitioner's motion to clarify the petition (Doc. 18) and Petitioner's motion for a report and recommendation (Doc. 23) are **declared moot**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 9th day of January, 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma